UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

                Plaintiff,

    -against-

WEBULL FINANCIAL LLC,

                Defendant.

24-CV-8442 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against Defendant Webull Financial LLC ("Defendant"), alleging that Defendant caused him to suffer "significant financial harm, loss and damage," and asserting claims arising under state law. At the time Plaintiff filed his complaint, he was incarcerated at Otisville Correctional Facility in New York. (ECF No. 1 at 3.) Plaintiff now resides in a halfway house in Seattle, Washington. (ECF No. 12.) By Order dated March 11, 2025, ECF No. 10, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint and grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[1]  On an unspecified date, Plaintiff opened a brokerage account with Defendant.  (ECF No. 1 at 1-2.)  In 2021 and 2022, Defendant "carried out a scheme to devalue" Plaintiff's account by "placing and executing unauthorized trades" and withholding "trade confirmations and account statements" that would have alerted him to these "fraudulent transactions."  (*Id.*)  Plaintiff asserts that Defendants violated his rights under the New York State Securities Act and the New York Consumer Protection Act.  (*Id.* at 1.)  Plaintiff also asserts state-law claims of fraud, breach of fiduciary duty, breach of contract, negligence, conversion, misrepresentation, identity theft, and "other intentional and negligent misconduct."  (*Id.*)

Plaintiff asserts that he "is a citizen of the State of New York," and that Defendant "has its principal place of business and [is] incorporated under the laws of the State of New York."  (*Id.*)  Plaintiff alleges losses of $1.7 million, for which he seeks damages.  (*Id.*)  Plaintiff filed two motions requesting *pro bono* counsel, ECF Nos. 3, 11, and a motion "for service," ECF No. 4.

## DISCUSSION

**A.    Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "[I]t is common

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

2

ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1. Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not assert that Defendant violated any federal laws. Rather, Plaintiff brings only state law claims alleging violations of New York's securities and consumer protection laws, as well as common law fraud, breach of fiduciary duty, breach of contract, negligence, and conversion. Therefore, the Court lacks federal question jurisdiction over Plaintiff's claims.

## 2. Diversity of citizenship jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Id.*

For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), and a limited liability company is deemed to be a citizen of each state of which its members are citizens, *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks and citation omitted).

Even if the Court assumes that the statutory amount in controversy is met, Plaintiff states that both he and Defendant are citizens of New York, which precludes complete diversity of citizenship. Accordingly, Plaintiff has not established any basis for this Court to exercise subject matter jurisdiction over his state-law claims.

## B. Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court therefore grants Plaintiff 30 days' leave to replead his claims in an amended complaint, should he wish to do so, to show that this Court has subject matter jurisdiction over this matter.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court denies the motions requesting *pro bono* counsel and the motion for service without prejudice. The Clerk of Court is directed to terminate these motions at ECF Nos. 3, 4, and 11.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

   The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

 Dated: June 5, 2025
     New York, New York

                /s/ Kimba M. Wood
                KIMBA M. WOOD
              United States District Judge