UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

                              Plaintiff,

                -against-

WEBULL FINANCIAL LLC,

                              Defendant.

24-CV-8442 (KMW)

ORDER TO AMEND

KIMBA M. WOOD, United States District Judge:

        Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP")*.*  He brings this action

against Defendant Webull Financial LLC ("Defendant"), asserting state-law claims and seeking

money damages.  At the time Plaintiff filed his complaint, he was incarcerated at Otisville

Correctional Facility in Otisville, New York.  By Order dated June 5, 2025, the Court dismissed

the complaint with leave to file an amended complaint to plead facts establishing the Court's

subject matter jurisdiction.  (ECF No. 15.)  In response, Plaintiff submitted a letter, dated July

31, 2025.  (ECF No. 17.)  For the reasons set forth below, the Court directs Plaintiff to file an

amended complaint, or another response, within 60 days from the date of this order.


                                    **BACKGROUND**

        Plaintiff alleged in his complaint that in 2021 and 2022, Defendant "carried out a scheme

to devalue" his brokerage account by "placing and executing unauthorized trades" and

withholding "trade confirmations and account statements" that would have alerted him to these

"fraudulent transactions."[1]  (ECF No. 1 at 1-2.)  Plaintiff asserted claims under the New York

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation
appear as in the complaint, unless noted otherwise.

State Securities Act and the New York Consumer Protection Act, as well as claims of fraud, breach of fiduciary duty, breach of contract, negligence, conversion, misrepresentation, identity theft, and "other intentional and negligent misconduct." (*Id.* at 1.) Plaintiff stated that he "is a citizen of the State of New York," and that Defendant "has its principal place of business and [is] incorporated under the laws of the State of New York." (*Id.*) He sought $1.7 million in damages. (*Id.*)

By Order dated June 5, 2025, the Court dismissed the complaint and granted Plaintiff 30 days' leave to replead because: (1) the complaint contained no allegations suggesting any claims arising under the Court's federal question jurisdiction, 28 U.S.C. § 1331; and (2) with respect to the state law claims, Plaintiff alleged that both he and Defendant were citizens of New York, defeating complete diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 15 at 3-4.) On July 1, 2025, the Court received a letter from Plaintiff stating that he had been transferred to a halfway house in Seattle, Washington. (ECF No. 16.)

On August 4, 2025, the Court received a letter from Plaintiff, which he asked the Court to accept in lieu of an amended pleading. (ECF No. 17 at 1.) In the letter, Plaintiff states that he is "domiciled in Washington State with a Washington State driver's licen[s]e." (*Id.* at 3.) He further states that he is "in transit as a holdover" and was being transferred to FCI Victorville Medium II in Adelanto, California. (*Id.*)

## DISCUSSION

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Id.* For purposes of diversity jurisdiction, an

individual is a citizen of the state where he is domiciled.  *Palazzo ex rel. Delmage v. Corio*, 232

F.3d 38, 42 (2d Cir. 2000).  Domicile is defined as the place where a person "has his true fixed

home and principal establishment, and to which, whenever he is absent, he has the intention of

returning."  *Id.*

When a plaintiff is incarcerated, there is a rebuttable presumption that he retains his pre-

incarceration domicile, rather than establishing a new domicile based on the location of his

current incarceration.  *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007)

(Rakoff, J.) (citing *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y.

2003) (Mukasey, J.) ("It is well-established that a prisoner does not acquire a new domicile when

he is incarcerated in a state different from his previous domicile.  Instead, the prisoner retains his

pre[-]incarceration domicile [for diversity purposes].").  The relevant inquiry here is what a

plaintiff's domicile was at the time of filing.  *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*,

498 U.S. 426, 428 (1991) (per curiam) ("[D]iversity of citizenship is assessed at the time the

action is filed.").

When Plaintiff filed this complaint, he was incarcerated in New York, but he did not

identify the state of his pre-incarceration domicile.  Plaintiff alleges that, at the time he filed his

most recent letter, he was in a halfway house in Washington State.  That Plaintiff obtained a

Washington State driver's license suggests only that he may intend to establish Washington State

as his domicile.  In short, Plaintiff has still not established that the Court has diversity of

citizenship jurisdiction over this matter.

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts

generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court therefore grants Plaintiff 60 days' leave to replead his claims in an amended complaint or other responsive pleading, should he wish to do so, to show that when he filed this action, there was complete diversity of citizenship.[2]

If Plaintiff does not file an amended complaint or other response within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

For the reasons set forth in the June 5, 2025 Order, and this Order, the Court dismisses Plaintiff's complaint and supplemental response, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, with 60 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3). An amended complaint form is attached for Plaintiff's convenience.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] If Plaintiff cannot establish that there was complete diversity of citizenship when he filed this complaint—in other words, if he was a citizen of New York at the time of filing—he may move to voluntarily withdraw this complaint and refile it, if he is able to establish that, at the time any subsequent complaint is filed, he is domiciled outside of New York. Plaintiff also has the option of filing his state law claims in state court, where he does not need to satisfy the subject matter jurisdiction limitations that apply in federal court.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:     August 19, 2025
           New York, New York

                                        /s/ Kimba M. Wood
                                 _____
                                          KIMBA M. WOOD
                                    United States District Judge

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

_____
_____        ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*        **AMENDED**
                                       **COMPLAINT**

        -against-

_____        Jury Trial:  ☐ Yes      ☐ No
_____                       (check one)
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.


Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____


B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.


*Rev. 12/2009*                          1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |
_____
_____
_____

| Who did what? |
_____
_____
_____

| Was anyone else involved? |
_____
_____

| Who else saw what happened? |
_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____