USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2026

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

DONTE McCLELLON,

        *Plaintiff*,

        vs.

WEBULL FINANCIAL LLC,

        *Defendant*.

Case No.: 1:24-cv-8442 (MKV)

*MOTION TO APPOINT COUNSEL*

**FILED UNDER SEAL**

    **NOW COMES** Plaintiff Donte McClellon ("Plaintiff"), proceeding *pro se*[1] and *in forma pauperis*, respectfully moves for a Court Order for appointment of counsel. Plaintiff Donte McClellon is currently serving and direct appealing his conviction and sentence in Western District of Washington under the supervision of U.S. Probation Office and was released from BOP custody on October 1st 2025. Plaintiff's BOP registration number is 06316-510. The nature of Plaintiff's case is complex securities law litigation. Furthermore, Plaintiff's pro se status and supervised release alone while on direct appeal in the 9th Circuit hinders Plaintiff's ability to

---

[1] *PRO SE* **DISCLOSURE**

In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct 594, 30 L.Ed.2d 652 (1972). The Court has an obligation to construe such pleadings liberally. **Bretz v. Kelman**, 773 F.2d 1026, 1027n.1 (9th Cir. 1985) (en banc). A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007) (quoting **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct 285, 50 L.Ed.2d 251 (1976) (internal citations omitted) (emphasis added). See **Hebbe v. Pliler**, 627 F.3d 335, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after **Ashcrodt v. Iqbar**, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)], 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (citation omitted); **Blaisdell v. Frappiea**, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates…This rule relieves *pro se* litigants from the strict application of procedural rules and demands that Courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them") (citations omitted). A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. See **Hodge v. Greiner**, 269 F.3d 104, 106 (2d Cir. 2001). Signature date on documents filed by Petitioner as the presumptive filing date of those documents.

adequately and timely and effectively prepare, respond or litigate this case on his own. Services like LexisNexis and Westlaw for research require expensive paid subscriptions to use as well as Pacer. Access especially meaningful access to the Court is impaired. Plaintiff has conditions to his supervised release that are time consuming such as employment and treatment. And as Plaintiff points out in his "Financial Affidavit to proceed in Forma Pauperis", he is indigent, has no legal training, and has limited if not impaired access to legal resources and research databases, meaningful access to the Courts being homeless and indigent, and this supports a finding in the interest of justice by the Court and due process protections. Many indigent Plaintiffs might fare better if represented by counsel, particularly in more complex areas such as obtaining needed subpoenas, discovery, interrogatories, depositions, and securing of expert testimony. Plaintiffs particularly under supervised release representing themselves are rarely able to adequately research and investigate facts easily especially with access to the internet not being consistent and reliable as well as phone access.

I have sent mailings to the New York Bar Association and Legal Aid Society requesting for referrals to Pro Bono Attorneys that work in securities law without success. I am unable to make calls out to lawyers due to my indigent and homeless status and this has been unreliable. When I have made efforts to reach out to these lawyers in this area of law, my experience has been poor and unproductive where they have been unprofessional and even rude in not letting me finish my communication with them and hanging up the phone or talked down to and there are others who demand high unrealistic retainers upfront because I was incarcerated and considered high risk.

If for any reason, the Court in its discretion is not inclined to grant such an appointment of counsel at this time, the Plaintiff respectfully presents an alternative solution such as the Court directing its Clerk of the Court to notify the Court's Pro Bono Coordinator to list Plaintiff's case on the list of Pro Bono opportunities on the Court's website (if such option exists). And should an attorney contact the Court indicating their interest in representing Plaintiff, the Court should make the necessary appointment. The Court is urged to be mindful that is nearly impossible to retain new counsel while homeless and pro se and being incarcerated and Plaintiff's case is so specific and specialized that it requires a securities lawyer to properly digest and understand

2 of 3

what to do in this case. And many securities lawyers would require a sizable retainer to take on matter such as this and I simply do not have access to adequate resources to do that. And for sake of due process, meaningful access to the Courts and in the interest of Justice I seek the Court's appointment for counsel. After my Mother passed away on Mother's Day 2023 while I was incarcerated, I've received no family support and I'm largely on my own after being release from Custody. There is a great deal of adversity and stigmatization due to my incarceration where I am simply not being treated like a human being and as if my rights don't matter. I remain on direct appeal to overturn my non-final conviction and sentence in the 9th Circuit Court of Appeals Case No. 24-3406. And so the Plaintiff in this matter has no other recourse but outreach to this Court for legal assistance and appointment.

Accordingly, the above request should be granted.

EXECUTED this 15th day of January**, 2026**

Respectfully submitted,

/s/Donte McClellon_____
    Donte McClellon, *Pro se* Plaintiff

"Because it is too early in the proceedings for the Court to assess the merits of the action, the motion[ is] denied without prejudice to renewal at a later date."  [ECF No. 14].  The Clerk of Court is respectfully requested to terminate docket entries 27 and 28.

Date: 1/16/2026
New York, New York

Mary Kay Vyskocil
United States District Judge